UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 JUL 14 AM 10:36
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, v. **Fabian ESPARSA-Samaniego,** Defendant | Magistrate Docket No. '08 MJ 2127 AMENDED COMPLAINT FOR VIOLATION OF: Title 8, U.S.C., Section 1326 Deported Alien Found in the United States |

The undersigned complainant, being duly sworn, states:

On or about **July 12, 2008** within the Southern District of California, defendant, **Fabian ESPARSA-Samaniego,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **14th** DAY OF **JULY, 2008.**

Cathy A. Bencivengo
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
**Fabian ESPARSA-Samaniego**

## PROBABLE CAUSE STATEMENT

On July 12, 2008, Border Patrol Agent J. Nesbit, was working assigned line-watch duties in the Imperial Beach area of operations at an area known as "Washerwoman's." "Washerwoman's" is an area approximately two miles east of the San Ysidro Port of Entry and approximately fifty to one hundred yards north of the United States/Mexico International Boundary.

At approximately 5:00 P.M., Agent Nesbit was advised by the Remote Video Surveillance System (RVSS) operator of the illegal entrance of eight individuals who had just crossed the primary fence at "Washerwoman's" and were headed north towards the secondary fence. The RVSS operator, never losing sight of the individuals, next reported that the individuals had passed through the secondary fence via a previously cut hole and were headed into the brush just north of the secondary. Agent Nesbit responded to the area and observed footprints headed north from the hole in the secondary fence into the brush. Following the footprints, Agent Nesbit encountered an individual seeking to conceal himself in the brush. Agent Nesbit immediately identified himself as a United States Border Patrol Agent and conducted an immigration inspection as to the individual's citizenship and nationality. The subject, later identified as the defendant, **Fabian ESPARSA-Samaniego**, admitted to being a citizen and national of Mexico not in possession of any documentation enabling/permitting him to enter and/or remain in the United States legally. The area was further searched and six remaining individuals were summarily encountered, all of whom admitted to being citizens and nationals of Mexico not in possession of any documentation enabling/permitting them to enter and/or remain in the United States legally. At approximately 6:00 P.M., Agent Nesbit arrested, the defendant, for illegal entry into the United States. The defendant was next transported, along with the other six individuals, to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **April 25, 2008** through **San Ysidro, CAlifornia.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda Rights. The defendant stated that he understood his rights and was willing to answer any questions without a lawyer present. When questioned again as to his citizenship, the defendant freely admitted that he is a citizen and national of Mexico and does not possess the proper documents to enter or remain in the United States legally.